ABRAM FRANK & SONS

*v.*

JOSEPH WELCH *et al.*

1. FRAUDULENT CONVEYANCE—*mortgage to sureties.* Where a guardian who had squandered many thousand dollars of her ward's money, voluntarily and without any solicitations executed a mortgage on her property to her brothers, who were her sureties on her bond, to indemnify them against loss, who took possession of the personal-property before an execution became a lien thereon, on the trial of the right of property a verdict in favor of the mortgagees was affirmed, there being no other proof of fraud in the transaction.

2. INSTRUCTIONS—*repeating same principle.* Where an instruction is given, it is not error to refuse another which has the same element in it, and is not materially different.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. BRYAN & MORRISON, for the appellants.

Mr. WILLIAM WINKELMAN, for the appellees.

Per CURIAM: This is an appeal from the circuit court of Monroe county, in which proceedings were had to try the right of property in certain goods and chattels levied on by the sheriff of Monroe county, as the property of one Mary A. Wiesenborn, defendant in execution, and which was claimed by Nicholas Welch and Joseph Welch as their property, in virtue of a mortgage executed by Mrs. Wiesenborn to them, on January 14, 1876, and duly acknowledged and recorded, and actual possession taken of the property by the mortgagees before the executions came to the hands of the sheriff, which was March 13, 1876.

It appears that the mortgagees were the brothers of Mrs. Wiesenborn, who had been left a widow with two infant children, for whom she was duly appointed guardian, executing a bond in the penal sum of fourteen thousand dollars,

with the usual conditions. It would appear this person, for some cause, had become much embarrassed in her business matters, and involved in debt, there being prior mortgages to the amount of several thousand dollars on all or a portion of this same property. She had not discharged her duty as guardian of her children, but seems to have appropriated their money, amounting to many thousand dollars, to her own use, for which her sureties would have to respond. It would seem, without any solicitation on the part of her brothers (her sureties on this bond), she executed the mortgage in question, conveying, besides goods and chattels, a large amount of real estate, and the question before the jury was the good faith and honesty of this transaction, and, so far as a verdict can effect such a result, the fairness and honesty of the transaction is established.

The jury were instructed on all the points suggested by counsel on both sides, but it is complained by appellants, who were execution creditors, that one of their instructions, had it been given, might have led the jury to a different conclusion, recognizing, in its fullest extent, the necessity of strictly correct instructions in cases like this.

This instruction, we are of opinion, is not materially different from the first instruction given for appellants. It has the same elements in it, and it was not error to refuse it. The evidence seems to sustain the finding, and we do not discover any material defect in the instructions. We think the court properly disposed of them.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*